**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **NATIONAL URBAN LEAGUE,** *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-02391-GLR |
| | ) | |
| **DEJOY,** *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY**

**INTRODUCTION**

On top of two days of sworn testimony by the Postmaster General, the U.S. Postal Service ("USPS" or "Postal Service") is poised to produce, on an expedited basis, sworn statements by several senior officials, documents, and interrogatory responses in related litigations—all over the same purported changes to USPS policy and practice for which Plaintiffs now seek *additional*, broad scope discovery on an expedited basis. Pursuant to orders from two other district courts, USPS will make these productions on September 6 and September 8, 2020. In the interest of avoiding unnecessary litigation of an expedited discovery request, USPS offered to share those productions with Plaintiffs here, but the offer was declined unfortunately. Plaintiffs' additional and overbroad requests for discovery are thus unwarranted (and impractical), at least until they consider whether those requests will still be necessary after receiving the sum of the offered information. Moreover, Plaintiffs' requests are premature because there is no pending motion

warranting an expedited discovery schedule.  Plaintiffs cannot, therefore, establish good cause for expedited discovery and their motion should be denied accordingly.

## STANDARD OF REVIEW

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Moreover, Local Rule 104.4, prohibits discovery from commencing prior to the court entering a scheduling order. Although expedited discovery may be appropriate in advance of a preliminary injunction hearing, *see* Fed. R. Civ. P. 26(d) advisory committee's note on 2003 amendment, "[a] specific standard for evaluating expedited discovery requests is not set out in the Federal Rules of Civil Procedure nor has this Circuit or District established such a standard." *L'Occitane, Inc. v. Trans Source Logistics, Inc.*, No. Civ. A. No. WMN-09-CV-2499, 2009 WL 3746690, at *2 (D. Md. Nov. 2, 2009). "In evaluating such requests, district courts in the Fourth Circuit have followed two approaches: one looks to the reasonableness of the request, taking into account the totality of the circumstances, and the other follows a modified form of the preliminary injunction test." *Lewis v. Alamance Cty. Dep't of Soc. Servs.*, No. 1:15-cv-298, 2015 WL 2124211, at *1-2 (M.D.N.C. May 6, 2015). Plaintiffs here ask the Court to apply the "reasonableness" or "good cause" standard, as articulated by the Eastern District of North Carolina in *Dimension Data North America, Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005). *See* Pls. Mot. for Expedited Discovery (ECF No. 22-1) at 7.

In evaluating the "totality of the circumstances," the court in *Dimension Data* considered the following: whether the plaintiff would be irreparably harmed by denial of the requested expedited discovery, whether the information in question was subject to future unavailability,

whether the requested discovery was narrowly tailored to obtain information relevant to a preliminary injunction motion, and the timing of the motion for expedited discovery. 226 F.R.D. at 531-32. These factors counsel against Plaintiffs' request for expedited discovery here.  Thus, Plaintiffs' motion should be denied.

## **ARGUMENT**

Plaintiffs have failed to establish the good cause necessary to justify expedited discovery. This is so because the USPS has already disclosed substantial, pertinent information which overlaps with Plaintiffs' expedited discovery requests, and will disclose additional information to Plaintiffs within a matter of days. Furthermore, to the extent supplemental discovery is warranted notwithstanding Defendants' productions, Plaintiffs have not established that such information will be unavailable in the future. Plaintiffs' motion also fails because their requests are overbroad and unduly burdensome.  Plaintiffs do not tailor their requests narrowly, as is necessary to prevail on a motion to expedite discovery.  Finally, Plaintiffs' request for expedited discovery is premature.  For good cause therefore not having been established, the Court should deny Plaintiffs' motion.

I.      **Plaintiffs Have Failed To Establish That They Would Suffer Irreparable Harm Without Expedited Discovery Or That The Requested Information Will Be Unavailable In The Future.**

Plaintiffs fail to establish that they would suffer irreparable harm should they be denied their request for expedited discovery, particularly when the information sought is not subject to future unavailability. Indeed, Plaintiffs' requests serve little unique purpose. Plaintiffs—like multiple sets of plaintiffs in multiple other district courts—challenge certain purported changes to USPS policy and practice, most of which Plaintiffs acknowledge have been suspended or reversed pending the 2020 election. *See Richardson v. Trump*, 20-cv-2262 (D.D.C.); *Washington v. Trump*,

20-cv-3127 (E.D. Wash.); *Johnakin v. U.S. Postal Serv.*, 20-cv-4055 (E.D. Pa.); *Nat'l Ass'n for the Advancement of Colored People v. U.S. Postal Serv.*, 20-cv-2295 (D.D.C.); *Jones v. U.S. Postal Serv.*, 20-cv-6516 (S.D.N.Y.); *Pennsylvania v. DeJoy*, 20-cv-4096 (E.D. Pa.); *N.Y. v. Trump*, 20-cv-2340 (D.D.C.); *Vote Forward v. DeJoy*, 20-cv-2405 (D.D.C.). On August 21, 2020, the plaintiffs in an analogous case before the U.S. District Court for the Eastern District of Washington moved for expedited discovery, which the Court granted on August 27, 2020. *See Washington*, ECF No. 38. Under the *Washington* discovery order, by September 6, 2020, Defendants must respond to interrogatories and document requests seeking information concerning purported changes in USPS policy and practice to determine if there is a basis for their claims—just as Plaintiffs seek here. *Compare Washington*, Ex. A, at 5-6 (ECF No. 14-1) (seeking certain information on the status of "mail sorting or processing machines" and "blue collection mailboxes") *with* ECF No. 22-4, at 5-6 (seeking similar information on "mail-sorting machines and Postal Service collection mailboxes"); *compare* Ex. A, at 7 (seeking certain information regarding the treatment of "ballots . . . and other election mail in general as First Class mail") *with* ECF No. 22-4, at 6 (seeking similar information regarding "USPS's decision[] . . . to not treat all election mail as First-Class"); *compare* Ex. A, at 7-8 (requesting information regarding "any restrictions on transportation, including but not limited to late trips, extra trips and/or final dispatches" and overtime policies and practices) *with* ECF No. 22-4, at 6 (seeking similar information concerning overtime, late trips, and extra trips).

In light of this significant overlap and Defendants' need to conserve litigation resources due to the number of cases that have been filed concerning the same issue across the country, Defendants offered to provide Plaintiffs with the discovery produced in *Washington*. Defendants' offer notwithstanding, Plaintiffs continue to seek expedited discovery—demanding production

within *five* calendar days of the filing of this response and Rule 30(b)(6) deposition(s) two days later. *See* Pls. Mot. for Expedited Discovery at 10. This request is duplicative and, particularly given the requested deadlines, simply unreasonable.

The Postal Service has provided and will provide even more information on September 8, 2020. Defendants will then file a response to a preliminary injunction motion in another analogous case in the U.S. District Court for the Southern District of New York. *See Jones*, ECF No. 15. Defendants' response there will be accompanied by sworn testimony from Directors and other senior level officials at the Postal Service Headquarters, all of which will provide substantive testimony, further clarifying the nature of the purported changes at the center of Plaintiffs' expedited discovery requests here.

Furthermore, the Postmaster General recently participated in two lengthy congressional hearings, under oath, where he addressed a broad range of questions concerning the precise topics at issue here. After "assuring th[e] committee and the American public that the postal service is fully capable and committed to delivering the nations ballots securely and on time," the Postmaster General clarified the unique, limited changes he had instituted during his tenure. Postmaster General Louis DeJoy Testimony Transcript August 24: House Oversight Hearing, Rev, (accessed Sep. 1, 2020), https://www.rev.com/blog/transcripts/postmaster-general-louis-dejoy-testimony-transcript-august-24-house-oversight-hearing. He also answered questions concerning any alleged, centralized changes to the Postal Service's overtime policies, sorting machine inventory, and delivery schedules. *See id.* And he supplemented that testimony on August 31, 2020, with an update on the Postal Service's delivery standards, showing substantial improvement from the time that Plaintiffs filed their lawsuit. *See* https://about.usps.com/newsroom/global/pdf/0831-congressional-service-briefing.pdf.  Sworn testimony from the Postmaster General himself

concerning the nature and effect of any purported operational changes to the USPS should be deemed sufficient to satisfy Plaintiffs' desire for testimony from USPS concerning the same.

Plaintiffs fail to establish good cause for their request for additional and duplicative discovery.  It is hard to see how Plaintiffs will be irreparably harmed by the denial of expedited discovery given that Plaintiffs will be in receipt of a wealth of information from Defendants, including the Postmaster General's recent testimony and all the materials Defendants will very soon produce in related litigations—especially when this information has direct bearing on Plaintiffs' claims here.  Furthermore, Plaintiffs have not established a need for the requested discovery *now*. At minimum, the Court should require Plaintiffs to first review the foregoing productions, and then renew their motion if they still believe that any supplemental discovery is warranted here.  Plaintiffs have not pointed to any evidence to support the notion that information responsive to a supplemental discovery request will be unavailable at the time of such request.

## II.    Plaintiffs' Requests Are Overbroad and Unduly Burdensome.

Although Plaintiffs characterize their request as "narrowly tailored," Pls. Mot. for Expedited Discovery at 8, Plaintiffs' requests are far-reaching in scope and unduly burdensome. Plaintiffs state that they "have requested a single 30(b)(6) deposition of the Postal Service and made three minimally burdensome requests for production," *Id.* at 9, belying the true nature and scope of the requests. It is true that Plaintiffs have propounded a "single" Rule 30(b)(6) deposition notice, but that notice includes 14 topics for examination. *See* ECF 22-4, at 5-7. The topics range from personnel policies and practice, to mail delivery logistics, to mail volume projections and handling capacity, to the Postmaster General's congressional testimony—to name a few. Just as Defendants have designated several USPS senior officials to provide sworn declarations in the *Jones* litigation, Defendants would be made to prepare several Rule 30(b)(6) designees to cover

the diverse range of topics noticed.  Or, in the alternative, Defendants would be made to educate a single witness on these 14 topics. In any event, preparation for the requested deposition would require several weeks of coordinated effort, particularly in light of the host of additional obligations on the part of the Rule 30(b)(6) designee(s) due to the onslaught of related litigation and congressional inquiry. To condense this effort into less than a week, as requested by Plaintiffs, is unduly burdensome.  Moreover, the considerable amount of time that would be required of USPS senior officials to participate in redundant litigation is time that would be taken away from mission critical activities, including those related to the November election.  This diversion cannot be justified here.

Plaintiffs' requests for production of documents imposes equally Herculean demands. Plaintiffs' requests seek both electronic and hard-copy documents and communications, including "any meeting, conference, conversation, memorandum, contact, act, or instance of transmitting or receiving information or intelligence by any means, directly or through another person, including but not limited to all forms of oral or written communication and the preparation, furnishing, receipt, examination, or copying of Documents or permitting others to do so." ECF No. 22-5, at 3-4. Thus, Plaintiffs' requests—unlike the discovery requests in the Eastern District of Washington—would effectively require a burdensome custodian and search-term review process, which certainly cannot be completed in Plaintiffs' requested five-day time-frame. Identifying appropriate custodians, collecting the relevant documents, and loading them into the review platform could alone take several weeks. Defendants would then have to settle on appropriate search terms, review the documents for responsiveness and privilege, consult with relevant parties, and process the productions.

Furthermore, Plaintiffs' requests are not targeted towards a concrete set of alleged policy changes. Instead, certain of these requests target all "policies, guidance, or written practices related to" the first 12 topics set forth in the Rule 30(b)(6) deposition notice. ECF No. 22-5, at 4. These requests are insufficiently tailored even for a standard discovery process, much less an *expedited* discovery process. Further, all of the aforementioned burdens would be amplified by the discovery obligations already imposed on Defendants by the Eastern District of Washington—discovery which, again, will be produced to the Plaintiffs here.

**III.    Plaintiffs' Motion For Expedited Discovery Is Premature.**

Plaintiffs' timing underscores its lack of supporting good cause. "In the Fourth Circuit, where the circumstances permit, courts have allowed parties to engage in expedited discovery in preparation for a *hearing* on preliminary injunction," but where "no such hearing or determination is pending, expedited discovery is premature." *Dimension Data*, 226 F.R.D. at 532 (emphasis in the original).  Neither party in this case has filed a motion requiring such a hearing.  Discovery is therefore premature at this stage of proceedings.

 Moreover, Defendants have not even had the opportunity to file a motion to dismiss and raise a number of obvious, threshold challenges to Plaintiffs' claims. Resolution of Defendants' anticipated motion to dismiss will necessarily narrow the scope of this litigation, should it continue, and determine the permissibility of discovery. This further supports denial of Plaintiffs' motion for expedited discovery as premature. *See Profil Institut Fur Stoffwechselforschung GbmH v. Profil Inst. for Clinical Research*, Case No. 16CV2762-LAB (BLM), 2016 WL 7325466, at *4 (S.D. Cal. Dec. 16, 2016) (holding request for expedited discovery "premature" because the "resolution of the pending motion to dismiss will significantly impact the scope and permissibility of any discovery").

The Complaint was just filed two weeks ago. Although Defendants are still studying the legal issues, they will likely have multiple threshold arguments that may serve to preclude discovery. These include jurisdictional challenges to Plaintiffs' standing because any future injuries to them with respect to the November Election are too speculative, *see Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Plaintiffs also cannot bring a challenge to the Postal Service's compliance with 39 U.S.C. § 3661, *see* Compl. (ECF 1), at ¶¶ 99-104, as such a challenge must be brought first to the Postal Regulatory Commission, and then to the D.C. Circuit. *See* 39 U.S.C. §§ 3662, 3663. *See, e.g., Foster v. Pitney Bowes Corp.*, 549 F. App'x 982, 986 (Fed. Cir. 2013). Without jurisdiction, the Court cannot take any action, including ordering discovery. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause," other than to "announc[e] the fact and dismiss[] the cause.") (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Plaintiffs' motion for expedited discovery. Or, at minimum, Plaintiffs should first be required to evaluate any new materials that Defendants will soon produce regarding the issues relevant to this litigation, and then renew their discovery motion if they believe that supplemental discovery is still warranted.

Dated: September 1, 2020                    Respectfully submitted,

                                            ETHAN P. DAVIS
                                            Acting Assistant Attorney General

                                            ERIC WOMACK
                                            Assistant Branch Director, Federal Programs Branch


                                            */s/* Alexis J. Echols
                                            ALEXIS J. ECHOLS
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, D.C. 20005
                                            Telephone: (202) 305-8613
                                            E-mail: alexis.j.echols@usdoj.gov

                                            *Attorneys for Defendants*